# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ELSEBETH BAUMGARTNER, et al.,** ) | **CASE NO. 3:04CV7737** |
| ) | |
| Plaintiffs, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **FRED SCHNOOR, et al.,** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiffs' Motion for Relief from Judgment (ECF DKT #8) and Plaintiffs' Motion for Disqualification of Judge Boyko (ECF DKT #7). For the reasons that follow, both motions are denied.

## I. BACKGROUND

Plaintiffs filed their Complaint, *pro se*, on November 30, 2004, against the Benton Carroll Salem School Board; Ottawa County Commissioners; Village of Oak Harbor officials; The Port Clinton News Herald; Ohio Supreme Court Chief Justice Thomas J. Moyer; former Ohio Attorney General Betty Montgomery; Retired Visiting Judge Richard Markus and others, alleging civil rights violations. On February 18, 2005, this Court dismissed their Complaint in its entirety for lack of subject matter jurisdiction, as well as on *res judicata* and statute of limitations grounds. On February 17, 2006, Plaintiffs moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). Plaintiffs contend that the judgment is void because of fraud on the Court; because of the appearance of judge-shopping in violation of

Local Rule 3.1(a); because of false statements of law and fact; and because it violates due process. Plaintiffs also move for the disqualification of Judge Boyko, claiming this matter was improperly transferred or "steered" from Judge Carr to Judge Boyko.

## II. ANALYSIS

At **any** time, a district court may dismiss a complaint for lack of subject matter jurisdiction, "when the allegations of a complaint are 'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.'" *Apple v. Glenn*, 183 F. 3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37(1974)). Moreover, a court is not required to give a plaintiff notice before dismissing a complaint in such a situation. *Id.* at 480. The challenge that a federal district court lacks subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, **at any stage** in the litigation." *Arbaugh v. Y & H Corporation*, 126 S. Ct. 1235, 1240 (Feb. 22, 2006) (Emphasis added). Moreover, when "it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

Fed. R. Civ. P. 60(b) authorizes the trial court to relieve a party from a final judgment for a number of reasons, including: (4) the judgment is void, or . . . (6) any other reason justifying relief from the operation of the judgment. Yet, in order to obtain relief, a party "must show the applicability of the rule" and "must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Jinks v. Alliedsignal, Inc.,* 250 F. 3d 381, 385; *Lewis v. Alexander*, 987 F. 2d 392, 396 (6th Cir. 1993). Further, "Rule 60(b) does not allow a defeated litigant a second chance to

convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof. *See Couch v. Travelers Ins. Co.*, 551 F. 2d 958, 959 (5th Cir. 1977) (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2858)." *Jinks, supra* at 385.

**Motion for Relief from Judgment**

In an eleven-page opinion, this Court thoroughly addressed all of the claims put forth in *pro se* Plaintiffs' Complaint. As discussed above, without any deprivation of due process, and contrary to Plaintiffs' argument, the Court is authorized to dismiss a complaint for lack of subject matter jurisdiction at any time, whether or not defendants have been served or answers have been filed. *Arbaugh, supra*.

In addition, Plaintiffs cannot use the vehicle of a Rule 60(b) motion as a second-chance presentation of their theories or a restatement of facts, nor to enunciate new theories or proof. *Jinks, supra*.

Plaintiffs attempt to paint a picture of case-steering, contending that their Complaint was transferred to Judge Boyko in violation of this District's Local Rule 3.1(a). That rule provides for the random assignment of civil cases, and for the transfer from one district judge to another, "with the concurrence of the receiving District Judge and the approval of the Chief Judge." However, Plaintiffs' reference to Local Rule 3.1 is inapposite.

Judge Boyko began his term as United States District Court Judge for the Northern District of Ohio on January 4, 2005. His case docket was created pursuant to a protocol entered by Chief Judge Paul R. Matia on behalf of the entire Court; and this protocol was authorized by General Order No. 2004-69 (December 8, 2004). All transfers were accomplished with the consent of the whole bench and with the approval of the Chief Judge.

There was no opportunity, and, in fact, no incidence of "steering" cases for inappropriate or inequitable reasons.

Plaintiffs have failed to meet their burden of establishing facts to support even one of the bases for relief under Rule 60(b). Plaintiffs have demonstrated no impropriety nor fraud in the assignment of the captioned case to Judge Boyko. The type of fraud, intended to be prevented by the operation of Rule 60(b), is that which subverts the integrity of the court itself. Decisions finding fraud on the court are generally situations of "the most egregious conduct involving a corruption of the judicial process itself." *Arrow Petroleum Company v. Texaco*, *Inc*., 500 F. Supp. 684, 687 (S.D. Ohio 1980) (citing *Lockwood v. Bowles*, 46 F.R.D. 625, 632 (D.D.C. 1969)). This transfer was accomplished under the authority of General Order No. 2004-69, which stands on equal footing with the Local Rules, having been promulgated by the entire District Court bench. There simply has been no subversion of the integrity of the Court; and therefore, no fraud.

**Motion for Disqualification**

Plaintiffs seek the mandatory disqualification of Judge Boyko, believing his impartiality is called into question because of case-steering, and insisting his dismissal order thwarted Plaintiffs' efforts to initiate investigations of public corruption. Specifically, Plaintiffs reference 29 U.S.C. § 455(b)(1), providing that a judge shall disqualify himself: "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." For the reasons recited above, and since Plaintiffs have no evidence to demonstrate personal bias, nor to support their attacks on this Court's integrity and impartiality, their Motion for Disqualification is denied.

### III. CONCLUSION

Upon careful consideration of the record, arguments, and applicable law, Plaintiffs' Motion for Relief from Judgment and Motion for Disqualification are denied.  Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this order could not be taken in good faith..

**IT IS SO ORDERED**.

**DATE: 7/18/06**

                                                s/Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**
                                                (Signed original on file)